MATEO Z. FOWLER (State Bar No. 241295)
MZF LAW FIRM, PLLC
2811 Wilshire Blvd. Suite 780
Santa Monica, California 90403

610 Brazos Street, Suite 320
Austin, Texas 78701
Telephone:  (281) 546-5172
E-Mail:      mateofowler@mzflaw.com

JT MORRIS (Texas State Bar No. 24094444) (*pro hac vice* pending)
JT Morris Law, PLLC
610 Brazos Street, Suite 320
Telephone: (512) 717-5275
Fax: (512) 582-2948
E-mail: jt@jtmorrislaw.com

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH F. BELL, Ph. D., | Case No. 2:17-cv-04752 |
| Plaintiff, | |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| ALVIN ZEIDENFELD, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Keith F. Bell, Ph.D., files this Complaint to recover damages arising from and to enjoin violations of Plaintiff's intellectual property rights by Defendant Alvin Zeidenfeld, and alleges as follows:

## I. THE PARTIES

1.      Plaintiff Keith Bell, Ph.D. is a resident of Texas, with a primary business and residential address at 3101 Mistyglen Circle, Austin, Texas 78746.

ORIGINAL COMPLAINT

2.　　Defendant Alvin Zeidenfeld is a resident of the state of California, with an address of 10322 Lorenzo Drive, Los Angeles, California 90064.

## II. JURISDICTION AND VENUE

3.　　This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*.

4.　　This Court has subject matter jurisdiction over Plaintiff's claims arising under the Copyright Act pursuant to 28 U.S.C. § 1331 and § 1338(a).

5.　　This Court has personal jurisdiction over Defendant because he has minimum contacts with the State of California, being a resident of the state and conducting substantial business in the same.

6.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

## III. GENERAL ALLEGATIONS

### a.　Plaintiff's Professional Career and Recognition.

7.　　Plaintiff is an internationally recognized sports psychologist and sports performance consultant. For example, Plaintiff has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, Hong Kong, Fiji, Cayman Islands and New Zealand.

8.　　Plaintiff has also enjoyed success as an athlete and coach. He is a four-time collegiate All-American swimmer, a holder of numerous world and national masters swim records, and has coached several collegiate, high school, and private swim teams to competitive success.

9.　　Plaintiff has been and remains a sought-after speaker at national and international coaching symposia. For example, Plaintiff has been a featured speaker with the American Swim Coaches Association, the North American Soccer Coaches Association, the National Interscholastic Coaches Association Clinic, the Australian Swimming Coaches Association, the Canadian Swimming Coaches Association, the Japanese Masters Swimming Coaches Association, and the British Swim Coaches Association.

**ORIGINAL COMPLAINT**

10.     In addition, Plaintiff has authored and published ten (10) books and over eighty (80) articles relating to sports psychology and sports performance. He has been a regular columnist for national swimming publications such as Swimmers, Swimmers Coach, SwimSwam, and Swim Texas Magazine, and is a regular contributor to Austin Fit Magazine.

**b.      Plaintiff's Original Literary Work, *Winning Isn't Normal***

11.     Plaintiff is the sole author of the original literary work *Winning Isn't Normal*, which Plaintiff first published in 1982. Plaintiff continues to own all rights in *Winning Isn't Normal*.

12.     Plaintiff holds a copyright registration for *Winning Isn't Normal*. A copyright registration certificate for *Winning Isn't Normal* was issued to Plaintiff by the United States Copyright Office on or about September 21, 1989, with the registration number TX0002672644. A copy of the registration as reflected in the Copyright Office's online catalog is attached as **Exhibit A**.

13.     Since Plaintiff authored and published *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work. Currently, Plaintiff offers *Winning Isn't Normal* for sale through Amazon.com and the website keelpublications.com.

14.     Plaintiff has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright Act.

15.     For example, Plaintiff creates, markets, and sells derivative works featuring *Winning Isn't Normal*, such as posters and t-shirts that display a portion of *Winning Isn't Normal*. This portion of *Winning Isn't Normal* is viewed by Plaintiff and others as the heart of Plaintiff's literary work. A true and correct copy of this portion of Dr. Bell's work is attached as **Exhibit B.**

16.     This portion of Dr. Bell's work contains the expression "Winning is unusual – as such it requires unusual action." On information and belief, no other published copyrighted work contains this expression.

17.     Plaintiff owns the domain winningisntnormal.com, which points to the keelpublications.com website where Plaintiff offers *Winning Isn't Normal* and derivative works for sale.

18.     Due to the popularity of his original work *Winning Isn't Normal*, Plaintiff has been able to increase his international recognition as an authority in sports psychology and sports performance, and has been asked to speak at conferences, symposia, and other engagements as a result.

19.     Plaintiff has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular *Winning Isn't Normal* on the internet or in traditional publishing mediums.

20.     Plaintiff has taken due care to provide notice of his copyright in *Winning Isn't Normal*. Plaintiff has included appropriate copyright notices on physical and electronic copies of *Winning Isn't Normal*, provides appropriate copyright notices on Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters) or excerpts that he posts online or otherwise distributes. Plaintiff also includes information on keelpublications.com regarding how to contact Plaintiff about obtaining permission to use *Winning Isn't Normal*.

21.     Because of Plaintiff's commercial efforts, Plaintiff enjoys trademark protection in the word mark "WINNING ISN'T NORMAL," which he uses in connection with goods and services relating to printed matter, including his "Winning Isn't Normal®" series of books of which *Winning Isn't Normal* is part. The United States Patent and Trademark Office issued a trademark registration to Plaintiff for "WINNING ISN'T NORMAL" on November 4, 2014, with a registration number of 4630749. A copy of the trademark registration is attached as **Exhibit B**.

22.     Pursuant to Section 33(b) of the Lanham Act, registration of the WINNING ISN'T NORMAL® mark is conclusive evidence of the validity of the registered mark and of Plaintiff's right to use the registered mark in commerce in connection with the goods or services specified in the registration.

23.     As a result of the unique and distinctive nature of Plaintiff's WINNING ISN'T NORMAL® mark and his continued commercial use of the mark, "Winning Isn't Normal" has become widely associated with Plaintiff's printed material and related goods and services. The WINNING ISN'T NORMAL® mark is indicative to consumers that printed material and related

1  items bearing the WINNING ISN'T NORMAL® mark originate from or are affiliated with,

2  sponsored, or approved by Plaintiff.

3                 **c.**      **Defendant and His Infringement of Plaintiff's Work**

4        24.    Defendant is a recognized fantasy sports professional, who contributes to fantasy

5  sports content on ESPN, DraftKings.com, and other content providers in the sports and

6  entertainment industries.

7        25.    Defendant maintains a significant internet presence as part of his commercial and

8  professional activities, including through the use of social media and podcasting. Defendant uses

9  his internet presence to promote his work in the sports industry and interact with others around the

10  country, including those who have an interest in his work and/or in fantasy sports.

11        26.    For example, Defendant maintains a Twitter account under the Twitter username

12  "Al Smizzle" and Twitter handle "@alzeidenfeld," (https://twitter.com/AlZeidenfeld) for which

13  his Twitter profile describes him as "Co-Host of @TheDFSEdge/@OnTheBallPod Podcasts &

14  ESPN Fantasy contributor." Defendant's Twitter account has over forty thousand (40,000)

15  followers.

16        27.    It has come to Plaintiff's attention that Defendant reproduced, displayed and

17  distributed the heart of *Winning Isn't Normal* on his commercially-driven Twitter account, without

18  receiving prior authorization from Plaintiff. A representative copy of the infringement is attached

19  as **Exhibit C.**

20        28.    The infringing post(s) remained visible on Defendant's Twitter page until at least

21  December 27, 2016, four days after which Plaintiff's counsel informed Defendant in writing that

22  he had willfully infringed *Winning Isn't Normal*.

23        29.    A simple Google search for "Winning Isn't Normal" returns a first page with

24  evidence clearly indicating that Plaintiff is the original author of the significant passage from

25  *Winning Isn't Normal* Defendant posted on his Twitter page, and that the passage is protected

26  under Plaintiff's registered copyright in *Winning Isn't Normal*. A copy of screenshots from a

27  Google search and Google Images for "Winning Isn't Normal," performed January 17, 2017, is

28  attached as **Exhibit D**.

**ORIGINAL COMPLAINT**

30.     On information and belief, the infringing copy of Plaintiff's work Defendant posted to his Twitter page including Plaintiff's name. But Defendant did not contact Plaintiff prior to posting Plaintiff's work on Defendant's commercially-motivated Twitter page related to an industry highly similar to that in which Plaintiff has worked for over forty years.

31.     Defendant knowingly disregarded or was willfully blind to plain evidence that Plaintiff was the original author of and copyright holder in *Winning Isn't Normal*.

32.     Defendant also failed to attribute the work to Plaintiff in the Twitter post headline or otherwise in a fair manner, despite having actual or constructive knowledge that the passage contained in the infringing post was authored by Plaintiff. Instead, Defendant included only the headline "Winning Isn't Normal," improperly suggesting that he authored the work.

33.     Defendant also failed to include any copyright notice information in the infringing post, despite having actual or constructive knowledge that the work contained in the post was subject to a copyright owned by Plaintiff.

### IV. COUNT 1 – COPYRIGHT INFRINGEMENT

34.     Plaintiff fully incorporates by reference herein the allegations in Paragraphs 1-33.

35.     Defendant infringed Plaintiff's registered copyright in *Winning Isn't Normal* in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

36.     Defendant's act of infringement was willful, in disregard of and with indifference to Plaintiff's rights.

37.     As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

38.     Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and constructive trust with respect to such profits.

39.     Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

40.     Plaintiff is informed and believes that unless enjoined and restrained by this Court, Defendant will again infringe Plaintiff's rights in the Infringed Work, to the irreparable injury of

Plaintiff. Plaintiff is also entitled to injunctive relief to enjoin Defendant from further infringement of *Winning Isn't Normal*.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

A.  Plaintiff prays for judgment against Defendant, individually, jointly, and severally, as follows:

B.  For statutory and/or actual damages in such amount as may be found, or as otherwise permitted by law, including enhanced damages based on Defendant's willful and indifferent conduct;

C.  For an accounting of and the imposition of constructive trust with respect to Defendant's profits attributable to their infringements of Plaintiff's copyright in *Winning Isn't Normal*;

D.  For a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Defendant, and his respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from infringing Plaintiff's copyright in *Winning Isn't Normal;*

E.  For prejudgment interest, according to law;

F.  For Plaintiff's attorneys' fees, costs, and disbursements in this action; and

G.  For such other and further relief as the Court may deem just and proper.

Dated:  June 27, 2017                                 Respectfully,

By: */s/ Mateo Z. Fowler*
Mateo Z. Fowler (State Bar No. 241295)
MZF Law Firm, PLLC FIRM, PLLC
2811 Wilshire Blvd. Suite 780
Santa Monica, California 90403

610 Brazos Street, Suite 320
Austin, Texas 78701
Telephone:     (281) 546-5172
E-Mail: mateofowler@mzflaw.com

JT Morris (*pro hac vice* pending)

**ORIGINAL COMPLAINT**

7

JT Morris Law, PLLC
610 Brazos Street, Suite 320
Telephone: (512) 717-5275
Fax: (512) 582-2948
E-mail: jt@jtmorrislaw.com

**Attorneys for Plaintiff Keith Bell, Ph.D**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORIGINAL COMPLAINT**